IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS GUERRA-LESCAY, | : | 1:12-cv-194 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| LACKAWANNA COUNTY | : | |
| PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **March 5, 2012**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 7), filed on February 8, 2012, which recommends that this action be dismissed against Defendant Lackawanna County Prison with prejudice and against Defendant Dr. Zaloga without prejudice to Plaintiff re-asserting the claim with a properly filed Certificate of Merit, as required for medical malpractice lawsuits under Pennsylvania law. Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by February 27, 2012.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

*Pro se* Plaintiff Carlos Guerra-Lescay ("Plaintiff" or "Guerra-Lescay"), is a federal pre-trial detainee currently incarcerated at the Lackawanna County Prison. Plaintiff claims that while at the prison, he was diagnosed with epilepsy by Dr. Zaloga, but that this diagnosis was made without any medical testing and was

wrongful. Plaintiff claims that he is forced to take Dilantin, a medicine used to treat epilepsy, and that he is subject to sanctions if he refuses the medication. Thus, Plaintiff claims he does not have epilepsy, and he will suffer harm if he is forced to continue taking Dilantin for an illness he does not have.

As noted by Magistrate Judge Blewitt, it is not entirely clear from the face of Plaintiff's complaint what his causes of actions are against Defendants Lackawanna County Prison and Dr. Zaloga. Based on our review, we agree with Magistrate Judge Blewitt that Plaintiff appears to assert a 42 U.S.C. § 1983 claim against the prison and Dr. Zaloga as well as a medical malpractice claim against Dr. Zaloga, seeking money damages. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Within the R&R Magistrate Judge Blewitt screened the complaint pursuant to 28 U.S.C. § 1915A, and recommends dismissal of all claims.

With respect to Plaintiff's section 1983 claim against Defendant Lackawanna County Prison, we agree with Magistrate Judge Blewitt that prisons are not "persons" for purposes of 42 U.S.C. § 1983 liability. *See Slagle v. County of Clarion*, 435 F. 3d 262, 264 n. 3 (3d Cir. 2006)(noting that it is well-settled in the Third Circuit that prisons are not "persons" for purposes of lawsuits under the federal civil rights laws). Thus, we shall adopt Magistrate Judge Blewitt's

recommendation that Lackwanna County Prison be dismissed from this action with prejudice.[2]

Turning to Plaintiff's claims against Dr. Zaloga, we agree with Magistrate Judge Blewitt that Plaintiff has failed to file the appropriate Certificate of Merit ("COM") that is required with the filing of all medical malpractice claims under Pennsylvania law. *See* 1042.3(a)(1). Thus, this claim shall be dismissed without prejudice to Plaintiff re-filing the claim with the appropriate COM. Further, although Plaintiff's complaint does not so indicate, to the extent Plaintiff is attempting to assert a civil rights violation against Dr. Zaloga under 42 U.S.C. § 1983, we will permit him to do so in any amended complaint he may file.[3] We advise Plaintiff to carefully review pages 10 to 13 of the Magistrate Judge's R&R

---

[2] We fully recognize that under the precedent set by *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004), *pro se* plaintiffs must be given the opportunity to amend their claims, however, no such requirement exists when amendment would be futile. It is evident that under no set of circumstances could Plaintiff maintain a civil rights claim against the Lackawanna County Prison, thus he will not be granted leave to amend his claim against this Defendant.

[3] Magistrate Judge Blewitt recommends specifically that the claim be dismissed without prejudice to the Plaintiff re-filing a medical malpractice claim against Dr. Zaloga (with a COM) in Pennsylvania state court. We presume the recommendation was styled in this manner because Magistrate Judge Blewitt also recommends the dismissal of Plaintiff's federal claims and as such, this Court would no longer exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim. However, because we shall grant Plaintiff an opportunity to file amended federal claims against Dr. Zaloga, we note that he may re-file his medical malpractice claim against Dr. Zaloga in this amended pleading if he wishes, but note that if he fails to file a COM with any amended complaint, the medical malpractice claim will be immediately dismissed.

for guidance regarding the touchstones he must meet to assert a proper federal civil rights claim against Dr. Zaloga.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.